DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal is from the June 27, 2007 judgment of the Lucas County Court of Common Pleas, which denied the motion of appellant, Zubeida Moorjani, to certify this action as a class action. Upon consideration of the assignments of error, we affirm the decision of the lower court. Moorjani asserts the following assignments of error on appeal: *Page 2 
 {¶ 2} "I. FIRST ASSIGNMENT OF ERROR: The trial court erred in arbitrarily denying class certification, even using its discretion, by finding that Plaintiff was not a member of the proposed class.
"II. SECOND ASSIGNMENT OF ERROR: The trial court erred in arbitrarily denying class certification, in abuse its discretion, by finding that plaintiffs claims are not typical of the proposed class per the requirements of Civil Rule 23(A)(3).
 {¶ 3} "III. THIRD ASSIGNMENT OF ERROR: The trial court erred in arbitrarily denying class certification, in abuse of discretion, by finding that Plaintiff could not adequately represent the proposed class per the requirements of Civil Rule 23(A)(4).
 {¶ 4} "IV. FOURTH ASSIGNMENT OF ERROR: The trial court erred in arbitrarily denying class certification, in abuse of discretion, by finding that Plaintiffs proposed class failed to meet the requirements of Civil 23(B)(3) [sic]."
 {¶ 5} Moorjani filed a complaint and request for class certification on January 4, 2006, naming Mid Ohio Securities, Equity Trust Company, Retirement Education Group, Inc., Richard Desich, and ten yet unidentified parties as defendants. Moorjani alleged that she is the owner and sole beneficiary of a traditional IRA account with Mid Ohio Securities, which was transferred by Mid Ohio Securities to its sister company, Equity Trust Company. Moorjani brought this action on her own behalf and on behalf of all other Ohioans who had investment accounts with Equity Trust Company, which hold unregistered securities in violation of Ohio securities law and were purchased by Equity *Page 3 
Trust Company or Mid Ohio Securities from or through Westhaven Group, LLC, John Ulmer, or Haven Holdings, LLC (hereinafter "Westhaven"). Defendants opposed certification of the action as a class action. On June 27, 2007, the trial court denied Moorjani's motion to certify the action as a class action. Moorjani then sought an appeal to this court.
 {¶ 6} On appeal, our standard of review is whether the trial court abused its discretion by denying class certification. Baughman v. StateFarm Mut. Auto Ins. Co., 88 Ohio St.3d 480, 483, 2000-Ohio-397, quotingMarks v. C.P. Chem. Co., Inc. (1987), 31 Ohio St.3d 200, at the syllabus. Having carefully reviewed the record in this case and the law, we find that the trial court, in its opinion and judgment entry journalized on June 27, 2007, properly and accurately addressed the facts and legal issues in this case. Therefore, we hereby adopt the trial court's opinion and judgment entry as our own. See Appendix A. After having considered the law and the facts of this case, we find that the trial court did not abuse its discretion by denying class certification. Moorjani's four assignments of error are all found not well-taken.
 {¶ 7} Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County. *Page 4 
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
 Peter M. Handwork, J., Arlene Singer, J., William J. Skow, J., CONCUR. *Page 1